## AVALO v. PORRATA ET AL.

### APPEAL from the District Court of San Juan, Section 1. MOTION to dismiss the appeal.

#### No. 881.—Decided November 20, 1912.

LIS PENDENS ATTACHMENT—DELAY OF PROGRESS OF CASE—INCIDENTAL PROCEED-
INGS—EXTENSION OF TIME.—Section 13 of the Act relative to securing the
effectiveness of judgments, approved March 1, 1902, (section 381 of the
Revised Statutes) refers to cases where the party who secures the attachment
delays the main suit, but is not applicable to extensions of time requested in
proceedings incidental to the main suit which in no way delay the progress of
the latter.

ID.—APPEAL—EXTENSION OF TIME—TRANSCRIPT OF RECORD—BRIEF.—In accord-
ance with the doctrine laid down in the preceding paragraph, an appeal from
an order vacating an attachment granted without security to secure the effec-
tiveness of such judgment as might be rendered, will not be dismissed on
the ground that the appellant party who obtained the attachment to secure
the effectiveness of the judgment applied for and was granted various ex-
tensions of time by this court for presenting the transcript of the record
and his brief.

APPEAL—EXTENSION OF TIME—NOTICE OF MOTIONS FOR EXTENSIONS OF TIME—
DISCRETION OF COURT.—The granting of extensions of time lies in the dis-
cretion of this court and, therefore, it is unnecessary to serve notices of
motions for such extensions or to hear the adverse party in regard thereto.
An appeal will not be dismissed because of the fact that various extensions
of time for filing the transcript of the record were granted the appellant
without notice of motions for such extensions having been served on the
adverse party.

ID.—DISCRETION OF COURT—EXTENSIONS OF TIME.—Rule 53 of the Supreme
Court refers to motions for an extension of time of more than 30 days but
not to cases, as the one at bar, where none of the extensions moved for
exceeded 30 days; and even supposing that this court had granted an exten-
sion when the party had not complied with Rule 53, such noncompliance
would not necessitate the dismissal of the appeal because it is discretional
with the court to dismiss or not to dismiss an appeal.

ID.—TRANSCRIPT OF THE RECORD—OMISSION CORRECTED—JURISDICTIONAL DEFECT.—
The showing therein that a copy of the transcript of the record was delivered
to the adverse party by the appellant is not an essential or integral part of
said transcript but merely a legal formality which does not affect the juris-
diction of the court and whose omission may be corrected in time without
prejudice to the rights of the appellees. Therefore, an appeal will not be
dismissed on the ground that it does not appear in the transcript of the
record filed in the office of the Secretary of this court that a copy of the
same was delivered to the adverse party when such omission has been cor-
rected by the delivery of said copy to the appellee prior to the day set for
the hearing of the motion of dismissal.

ID.—TRANSCRIPT OF THE RECORD—PROCEDURE.—When, as in the case at bar, three of the appellees are represented by one attorney and two other appellees by the same and another attorney, delivery of one copy of the transcript of the record to the attorney who represents only two of the appellees and with whom. the attorney who represents the five appellees is associated, is a sufficient compliance with the law which requires the delivery of a copy of the transcript of the record to the adverse parties, especially when it is not shown that the appellees were prejudiced by such procedure.

The facts are stated in the opinion.

*Messrs. Horacio S. Belaval* and *José A. Poventud* for petitioner.

*Mr. H. H. Scoville* for adverse party.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal from an order of the court below setting aside another order which had been made previously granting a *lis pendens* attachment without bond.

While the appeal was pending in this court the defendants and respondents filed a motion for the dismissal of the same on the following grounds:

First. That the appellant was granted several extensions of time in which to file a transcript of the record in this court and also the same later in regard to his brief.

Second. That in accordance with the provisions of section 381 of the Revised Statutes of Porto Rico the attachment should be dissolved as a consequence of such extensions.

Third. That, except the last, such extensions were granted without notice to the appellant.

Fourth. That the appellant failed to comply with the provisions of section 299 of the Code of Civil Procedure as amended by the Act of March 9, 1911, which require the filing of the transcript of the record, together with the statement that a literal copy thereof had been delivered to counsel for the respondents.

The purpose of the law to secure the effectiveness of judgments is to guarantee the rights claimed by the party to whom the attachment is granted until his claim is finally adjudicated; and as the measures taken to secure the effec-

tiveness of the judgment continue as a general rule during the time the suit is pending, the law, in its endeavor to cause the least annoyance thereby, directs that the attachment shall become of no effect if the suit is delayed, *vis major* excepted. Therefore the delay punishable by the forfeiture of the order securing the effectiveness of the judgment is that which retards the adjudication of the controversy between the parties whereby it is sought to enforce an obligation, but there is no provision whatever providing for such punishment for the party causing the delay of an incidental question which does not obstruct the progress of the suit.

In the case at bar it is alleged that the delay occurred in the proceedings appealed from concerning whether the order dissolving the attachment previously granted without bond should remain in force.

It has not been alleged or proven that the appellant delayed the decision of his suit, but that he delayed the decision of an incident therein which does not obstruct the final decision, and therefore the provisions of said section 381 are not applicable.

In regard to the ground of the motion for dismissal because of the extensions of time granted without notice to the respondents, we will say that as the granting of such extensions lie within the discretion of the court it is unnecessary either to notify or hear the other parties in regard thereto; and even though rule 53 of this court provides that whenever an extension of time is requested which may delay the case for more than 30 days the same will be denied unless the opposing party has been notified or consents in writing to the delay, said rule is not applicable to this case because none of the extensions were for more than 30 days. At any rate the fact that any of such extensions was granted without complying with the requisites of that rule would not necessarily bring about the dismissal of the appeal inasmuch as in such case it is discretional with this court to order the same or not (rules 58, 59, and 60 of the Supreme Court).

With regard to the last ground alleged for the dismissal of the appeal, it appears from the transcript that although the suit was instituted against 10 persons, only 5 of them objected to the order for the attachment which the court made, 3 of them being represented by Attorney Poventud and the other 2 by the same attorney and by Attorney Belaval. The order objected to having been revoked by the court and an appeal having been taken by the plaintiff from this action, it does not appear in the transcript of the record filed in the office of the secretary of this court that a copy thereof was served on the attorneys for respondents, but on the day set for the hearing of the motion to dismiss and prior to the commencement of the hearing such a copy was delivered by the appellant to Attorney Belaval.

We have decided already that a return of the service of the record upon respondent is not an essential and integral part of said record and that it is a legal formality which does not affect the jurisdiction of this court, and its ommission may be remedied in such time as not to affect the rights of the respondents. *Garcia* v. *The American Railroad Company of Porto Rico,* 17 P. R. R., 914; *Sucessors of José Martínez* v. *Tomás Dávila & Co.,* 17 P. R. R., 970; *Hernández* v. *The American Railroad Company of Porto Rico,* 17 P. R. R., 1177.

There is no doubt that it would have been better practice on the part of the appellant to have delivered a copy of the transcript to each one of the attorneys for the respondents, but as it has been shown that, although Attorney Poventud is counsel for three of the respondents independently of the others, he is associated in the defense of the other two with Attorney Belaval, the conclusion may be reached that the delivery of a copy to the latter is sufficient, especially when it has not been shown that by so doing any injury resulted to the respondents represented by Attorney Poventud.

For the reasons stated the motion for dismissal is hereby overruled.

                                                *Motion overruled.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.